```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
```

SUSAN WALLACE,

                              **Plaintiff,**                       18-CV-6525 (RA)(SN)

      -against-                                          <u>**ORDER**</u>

MARK ESPER,

                              **Defendant.**

```
------------------------------------------------------------------X
```

**SARAH NETBURN, United States Magistrate Judge:**

       The Court held a telephonic discovery conference on March 27, 2020, to address the issues raised by Defendant's February 11, 2020 Letter (ECF No. 63). Before the Court is Defendant's motion to compel releases to Plaintiff's medical records. The motion is GRANTED in part.

       This case concerns, among other claims, *pro se* Plaintiff's allegation that Defendant—her former employer—failed to reasonably accommodate her and terminated her employment unlawfully. Defendant claims that Plaintiff was removed from employment because she was unable to perform the essential functions of her employment. Plaintiff's medical records, including her mental health records, are relevant to that dispute because they may be probative of Plaintiff's ability to perform the essential duties of her employment.

       Plaintiff also alleges that Defendant, through its misconduct, caused "[s]evere emotional and mental health and physical stress requiring substantial ongoing treatment." (<u>See</u> ECF No. 12, ¶¶ 283-321.) In addition to compensatory damages based on that harm, Plaintiff seeks reinstatement to employment with Defendant. Therefore, Defendant is entitled to Plaintiff's

medical records, including her mental health records, for the entire time period requested, and Plaintiff is ordered to provide the relevant releases affording Defendant access to those records. See Feltenstein v. City of New Rochelle, 14-cv-5434 (NSR), 2018 WL 3752874, at *4-*5 (S.D.N.Y. Aug. 8, 2018) (acknowledging that allegations that defendants caused ongoing mental or emotional harm are not "garden variety" and therefore put the plaintiff's mental state at issue for the purposes of discovering medical records) (citation omitted). Defendant is directed to tailor the releases to provide information from all medical providers who examined Plaintiff, provided medical care or treatment to Plaintiff, were consulted by Plaintiff, or rendered an opinion with respect to Plaintiff's medical condition or treatment, only as related to the matters alleged in the First Amended Complaint.

## CONCLUSION

Plaintiff shall provide Defendant with executed releases consistent with this Order by April 3, 2020. Defendant is directed to complete its search of any outstanding responsive documents and provide Plaintiff the same by no later than April 17, 2020. The parties are directed to meet and confer regarding any remaining discovery disputes. By April 24, 2020, the parties shall jointly file a letter of no more than five pages updating the Court as to the status of all discovery, including a description of any disputes the parties could not resolve through the meet and confer process. All discovery shall close May 21, 2020.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   March 31, 2020
         New York, New York