UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SUSAN WALLACE,

                                  Plaintiff,                                  **18-CV-6525 (RA)(SN)**

            -against-                                       **DISCOVERY ORDER**

RYAN MCCARTHY, *Secretary of the Army*,

                                  Defendant.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       On May 6, 2020, *pro se* Plaintiff Susan Wallace filed a motion to compel Defendant Ryan McCarthy, Secretary of the Army, to respond to her discovery demands, to which the Defendant responded. See ECF Nos. 76, 77 & 78. The Court heard oral argument on the motion on May 13, 2020. The motion is GRANTED in part and DENIED in part.

       Briefly, Plaintiff was an attorney who worked for the U.S. Army Corps of Engineers from May 6, 2010, until she was removed from that position on April 15, 2017, for an alleged "medical inability to perform." She continued to serve as a Judge Advocate General Officer ("JAG officer") until her retirement in June 2018. Plaintiff alleges discrimination based on disability and gender. She brings claims for discrimination, retaliation, and hostile work environment under the Rehabilitation Act, 29 U.S.C. §§ 501, *et seq.*, Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000(e), *et seq.*, and the Whistleblower Protection Enhancement Act, 5 U.S.C. § 2302(b)(8). The Court described Plaintiff's claims more fully in its Opinion & Order issued

September 30, 2019, which granted in part and denied in part Defendant's motion to dismiss. The Court adopts and incorporates the factual recitation set forth in that opinion.

Plaintiff served 17 interrogatories and 59 requests for documents on Defendant. Defendant responded by asserting general and specific objections, directing the Plaintiff to documents already produced as part of her administrative proceeding with the Army's Merit System's Protection Board ("MSPB"), and/or responding substantively to the demand. Plaintiff complains that Defendant's objections are "boilerplate," that the direction to produced documents is non-specific and that the objections prevent Plaintiff from prosecuting her claims. The Court has reviewed closely Plaintiff's 64-page motion and her reply letter, as well as the Defendant's opposition. This order is the opinion of the Court:

Unless otherwise stated, Defendant's objections that Plaintiff's interrogatories exceed the scope of permissible interrogatories under Local Civil Rule 33.3 is sustained. Plaintiff has not established that interrogatories that exceed the scope of the Local Civil Rule are more practical than a request for documents or a deposition. To the extent Defendant is withhold responsive documents on privilege grounds, he must immediately produce a privilege log.

With respect to Interrogatories 1 & 2, the objections are sustained, except that Defendant must supplement his witness list pursuant Rule 26(a)(1)(A)(i), if appropriate, to identify all witnesses on whom Defendant may rely at trial. Defendant may be precluded from offering witness testimony of individuals not disclosed pursuant to Rule 26.

With respect to all other interrogatories, Defendant's objections are sustained.

With respect to Request 18, Plaintiff is entitled to her entire personnel file as maintained by the Agency. To the extent her eOPF covers all formal personnel matters, the Defendant has satisfied his obligations. But to the extent there exists a separate file, including any "hard copy"

file maintained by Plaintiff's supervisor(s) or human resources, that too should be provided. Plaintiff's "personnel file" does not, however, include "notes," "email carrying out personal actions," or other informal documents.

With respect to Request 19, Defendant's objections are overruled. Defendant must search for and produce documents concerning Plaintiff to or from Army Civilian Human Resources.

To the extent Defendant's responses indicate that he is continuing to search for responsive documents, all documents shall be produced no later than May 29, 2020.

With respect to all other requests, Defendant's objections are sustained.

## CONCLUSION

For the reasons above, Plaintiff's motion to compel is GRANTED in part and DENIED in part. As stated on the record at the May 13, 2020 Discovery Conference, the deadline to complete all discovery is extended to July 31, 2020. The Court does not anticipate granting any additional extensions of time to complete discovery. The parties shall file a joint letter of no more than five (5) pages updating the Court as to the status of discovery, including any outstanding disputes, by June 12, 2020. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 76.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   May 19, 2020
         New York, New York