

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 29, 2021

**BY ECF and Federal Express**

Honorable Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Susan V. Wallace v. Christine Wormuth*, 18 Civ. 6525 (RA) (SN)

Dear Judge Abrams:

      This Office represents defendant Christine Wormuth ("Defendant"), the Secretary of the Army, in the above-referenced case. We write to follow up on our letter dated June 16, 2021, to request that the record of the proceedings before the Merit Systems Protection Board ("MSPB") related to Plaintiff's claims be filed under seal, with a redacted version to be filed with the Clerk of Court by DVD.

      On June 16, 2021, Defendant filed a letter motion for leave to file the MSPB record by DVD, due to the size of the record. (Dkt. No. 112.) Defendant simultaneously mailed the Court a DVD containing a copy of the record. (*Id.*) On June 17, 2021, the Court granted Defendant's request. (Dkt. No. 123.) We subsequently determined that portions of the record consist of communications protected by the attorney-client and/or work product privileges, or reference Equal Employment Opportunity ("EEO") complaints or requests for accommodation by specific U.S. Army Corp of Engineers ("USACE") employees. The record contains such materials because Plaintiff was employed as an attorney in the USACE Office of Counsel, and certain of the communications in the record reflect discussions involving or among attorneys concerning legal issues arising in the context of litigation, contract negotiations, or other legal matters.

      Accordingly, we write in accordance with Section 5.A.iii of Your Honor's Individual Practices to request a protective order pursuant to Federal Rule of Civil Procedure 5.2(e), permitting the Government to redact privileged portions of the MSPB record in the public version while submitting an unredacted record to the Court for its review. Defendant has conferred with counsel for Plaintiff, who does not object to the redactions.

      Defendant's proposed redactions affect only a small portion of the MSPB record and, given the nature of the redacted material, are proper. While judicial documents are accorded a presumption of public access, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), courts may issue protective orders permitting the redaction of information for "good cause," Fed. R. Civ. P. 5.2(e)(1). "The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public."

*Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007). First, the court must determine whether the documents at issue are "'judicial documents.'" *Id.* at 420 (quoting *Lugosch*, 435 F.3d at 119). Second, the court must determine the "weight of the presumption" of public access. *Id.* Third, the court must weigh countervailing interests against the presumption. *Id.* Here, the majority of the material redacted from the public version of the MSPB record consists of communications protected by the attorney-client and/or work product privileges. The protection of such communications constitutes a "countervailing value" that weighs against the presumption of public access. *See, e.g.*, *Brown v. Maxwell*, 929 F.3d 41, 47 n.13 (2d Cir. 2019) ("Examples of such countervailing values may include, depending on the circumstances . . . the protection of attorney-client privilege." (citing *Lugosch*, 435 F.3d at 125)). Similarly, the redaction of the names of USACE employees who filed EEO complaints or requested reasonable accommodations are intended to protect those individuals' privacy interests—which likewise constitute countervailing interests weighing against the presumption of public access. *See, e.g.*, *Massey v. FBI*, 3 F.3d 620, 624 (2d Cir. 1993) ("[I]ndividuals, including government employees and officials, have privacy interests in the dissemination of their names."). These countervailing interests supporting the Government's redactions overcome the presumption of public access that attaches to the MSPB record.

For the foregoing reasons, Defendant respectfully requests that the Court permit Defendant to maintain the proposed redactions in the version of the MSPB record that will be filed with the Clerk of Court by DVD. In accordance with Your Honor's Individual Practices, enclosed is a copy of the portions of the MSPB record with proposed redactions, with those proposed redactions denoted, as well as a copy of the redacted record that we propose to file with the Clerk of Court.

We thank the Court for its attention to this request.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: /s/ Rachael L. Doud
RACHAEL L. DOUD
JENNIFER C. SIMON
Assistant United States Attorneys
86 Chambers St., 3rd Floor
New York, New York 10007
(212) 637-3274

Application granted. The proposed redactions to the MSPB record are appropriate, and Defendant may file the redacted version with the Clerk of Court.

SO ORDERED.

Hon. Ronnie Abrams
07/09/2021